# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Frances T. Dalrymple, | : Civil Action |
| Plaintiff | : No. |
| vs. | : |
| Electronic Funds Transfer Corporation d/b/a EFX Corp. and Deven W. Werling | : |
| Defendants | : |

## COMPLAINT

Frances T. Dalrymple ("Plaintiff") hereby complains as follows against Defendant Electronic Funds Transfer Corporation d/b/a EFX Corp. and Deven W. Werling ("Defendants").

## Introduction

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Pennsylvania's Minimum Wage Act, 43 P.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL") and for breach of contract. Plaintiff asserts that Defendants failed to pay Plaintiff compensation in violation of said laws. As a result of the aforesaid unlawful actions, Plaintiff has suffered harm.

## Jurisdiction and Venue

2. This Court has original jurisdiction to hear this action and adjudicate the claims herein pursuant to 28 U.S.C. §§ 1331, 1343. The supplemental jurisdiction of this Court is invoked with regard to Plaintiff's state law claims.

3. Venue is appropriate in the Eastern District of Pennsylvania because the events or omissions giving rise to Plaintiff's claims occurred therein and because Defendants are doing business therein.

**The Parties**

4. Plaintiff Frances T. Dalrymple is an adult individual and is a citizen and resident of the United States. Plaintiff resides in Kennett Square, Pennsylvania.

5. Defendant Electronic Funds Transfer Corporation d/b/a EFX Corp. ("EFX") is a Delaware corporation with its principal place of business at 601 Cleveland Street, Suite 950, Clearwater, Florida 33756.

6. EFX is an employer pursuant to the FLSA because it generates over $500,000.00 in gross revenue annually and/or because it engages in interstate commerce.

7. EFX is an employer within the meaning of the WPCL.

8. EFX is a transaction processing company that offers ATM and ACH processing, scrip processing, and a Rent Paid Online Product.

9. Defendant Deven W. Werling ("Werling") is an adult individual and is a citizen and resident of the United States. Werling has a principal place of business at 601 Cleveland Street, Suite 950, Clearwater, Florida 33756.

10. Werling is President and Chief Executive Officer of EFX.

11. At all relevant times hereto, Werling acted as an agent of and on behalf of EFX.

12. Werling is an employer pursuant to the FLSA because he exercises significant control over EFX's operations, he exercised supervisory authority over Plaintiff, and he was responsible in whole or part for the alleged violations set forth herein.

13. Werling is an employer within the meaning of the WPCL because he is policy decision maker for EFX in all areas of business, including but not limited to, compensation of employees.

**Factual Background**

14. On October 27, 2009, EFX made an offer of employment to Plaintiff to work as its Vice President of Business Development, which offer Plaintiff accepted. A true and correct copy of EFX's October 27, 2009 offer letter (the "Employment Agreement") is attached hereto as **Exhibit "A".**

15. Pursuant to the terms of the Employment Agreement, EFX agreed to compensate Plaintiff with a base salary of $5,000.00 per month plus commissions as set forth in a commission plan. See Exhibit "A".

16. As stated in the Employment Agreement, EFX agreed to the following commission plan, paid monthly:

- 10% of the ATM transaction revenue billed to your accounts with terms which we will pass through all interchange and charge a per transaction fee.
- All commissions are for the life of the contract, including contract renewals.
- After a minimum of one year of employment, EFX will continue to pay any commissions due for a length of time equal to the duration of your employment with us at a rate of ½ of the commission rate at the time of your employment termination.

See Exhibit "A".

17. On November 9, 2009, Plaintiff began working for EFX with a job title of Vice President of Business Development.

18. A few years ago, Plaintiff's job title changed to EFX's Executive Vice President of Business Development.

19. Throughout Plaintiff's employment with EFX, Plaintiff's job duty was to sell EFX's processing services to independent sales organizations (ATM processing, ACH, Vault Cash) throughout the United States.

20. Throughout Plaintiff's employment with EFX, Plaintiff worked out of her home office in Kennett Square, Pennsylvania.

21. Throughout Plaintiff's employment with EFX, Plaintiff worked sixty (60) or more hours per week.

22. During Plaintiff's employment with EFX, Defendants failed to pay any overtime compensation to Plaintiff.

23. Throughout Plaintiff's employment with EFX, Plaintiff consistently generated revenue for EFX ranging from $50,000.00 to in excess of $70,000.00 per month.

24. During Plaintiff's employment with EFX, Defendants failed to pay all commissions owed to Plaintiff.

25. In late September 2016, Defendants paid Plaintiff less than half of her August 2016 commission owed pursuant to the Employment Agreement. Plaintiff estimates that Defendants owe her $5,480.71 for her August 2016 commission.

26. Plaintiff made numerous attempts to resolve this underpayment, which Defendants ignored.

27. Defendants failed to pay Plaintiff's commissions for September and October 2016. Plaintiff estimates that Defendants owe her approximately $10,327.51 for her September and

October 2016 commissions. This estimate is based on 2015 commissions and does not account for growth.

28. On November 4, 2016, Defendants terminated Plaintiff's employment.

29. As set forth above, pursuant to the Employment Agreement, EFX is obligated to continue paying commissions to Plaintiff for the length of her employment, which was seven (7) years.

30. Defendants have failed to pay any commissions to Plaintiff since terminating her employment. Plaintiff estimates that Defendants owe her approximately $19,318.07 in commissions for the time period November 2016 through February 2017. This estimate is based on 2015 commissions and does not account for growth.

31. Plaintiff has made numerous attempts to resolve these unpaid commissions with Defendants, which Defendants ignored.

32. Plaintiff estimates that the contracts that she obtained for EFX will generate over approximately $813,743.78 per year, not taking into account for growth, in revenue for EFX. Plaintiff estimates that her commissions payable over the next five years are approximately $246,157.50.

**Count I**
**FLSA – Failure to Pay Overtime Compensation**
**Plaintiff vs. Defendants**

33. Paragraphs 1 through 32 are incorporated herein by reference as if set forth at length.

34. As averred above, throughout Plaintiff's employment with EFX, Plaintiff worked sixty (60) or more hours per week, but was not compensated at a rate of time and one half of her hourly wage for hours worked in excess of forty (40) per week.

35. As averred above, Plaintiff worked out of her home office, which is considered one of EFX's places of business for purposes of the FLSA.

36. As averred above, Plaintiff's primary job duty was in sales of EFX's processing services to independent sales organizations (ATM processing, ACH, Vault Cash) throughout the United States

37. Pursuant to the FLSA, Plaintiff is entitled to overtime compensation going back three years from the date of this Complaint.

38. Defendants' actions constitute willful violations of the FLSA.

39. Plaintiff seeks all remedies permitted under the FLSA, including unpaid overtime, interest, liquidated damages, and attorney's fees and costs.

**Count II**
**PMWA – Failure to Pay Overtime Compensation**
**Plaintiff vs. Defendants**

40. Paragraphs 1 through 39 are incorporated herein by reference as if set forth at length.

41. As averred above, throughout Plaintiff's employment with EFX, Plaintiff worked sixty (60) or more hours per week, but was not compensated at a rate of time and one half of her hourly wage for hours worked in excess of forty (40) per week.

42. Defendants' failure to pay overtime also constitutes a violation of the PMWA.

43. Pursuant to the PMWA, Plaintiff is entitled to overtime compensation going back three years from the date of this Complaint.

44. Plaintiff seeks all remedies permitted under the PMWA, including unpaid overtime, interest, liquidated damages, and attorney's fees and costs.

## Count III
## Pennsylvania Wage Payment and Collection Law
## Plaintiff vs. Defendants

45. Paragraphs 1 through 44 are incorporated herein by reference as if set forth at length.

46. As averred above, Plaintiff was an employee of EFX.

47. As averred above, EFX is an employer under the WPCL.

48. As averred above, Werling is a policy decision maker for EFX in all areas of business, including but not limited to, compensation of employees.

49. Because of his policy-making role, Werling is also an employer under Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.2(a) ("WPCL").

50. As averred above, during Plaintiff's employment with EFX, Defendants failed to pay all commissions owed to Plaintiff

51. As averred above, Defendants have failed and continue to fail to pay any commissions to Plaintiff since terminating her employment.

52. Werling made the decision to not pay Plaintiff.

53. Plaintiff did not authorize Defendants to withhold wages.

54. Defendants, upon information and belief, never sought or obtained the Pennsylvania Department of Labor and Industry's approval for the pay deductions.

55. Defendants took unauthorized wage deductions for their convenience and not for the convenience of Plaintiff.

56. The WPCL requires employers to pay covered employees for every hour worked in a workweek and that they pay wages on regular paydays. 43 P.S. § 260.3.

57. The WPCL prohibits pay deductions except for those explicitly permitted by law or regulation, none of which apply to this lawsuit. 43 P.S. § 260.3, 32 Pa. Code § 9.1.

7

58. Payment of the unpaid wages is more than 60-days overdue.

59. Defendants do not have a good faith basis to defend, assert a counterclaim or set off against the wages due and owing to Plaintiff.

60. Defendants violated the WPCL by making unauthorized deductions from Plaintiff's pay.

61. In addition to the wages owed, Plaintiff is entitled to liquidated damages in the amount of 25% of the wages owed or $500.00, whichever is greater. 43 P.S. § 260.10.

62. Plaintiff is also entitled to attorneys' fees and costs. 43 P.S. § 260.90a(f).

63. Under Pennsylvania's Wage Payment and Collection Law, Defendants are statutory employers for these purposes and as such, are jointly and separately liable for all wages owed to Plaintiff, for liquidated damages, and for Plaintiff's attorneys' fees and costs.

### Count IV
### Breach of Contract
### Plaintiff vs. EFX

64. Paragraphs 1 through 63 are incorporated herein by reference as if set forth at length.

65. As averred above, Plaintiff entered into an Employment Agreement with EFX wherein EFX agreed to compensate Plaintiff with a base annual salary of $5,000.00 per month plus commissions.

66. Plaintiff complied with the terms of the contract entered into with EFX.

67. As averred above, EFX failed to perform according to the contract.

68. As a result of EFX's breach of contract, Plaintiff has suffered damages.

### Count V
### Unjust Enrichment
### Plaintiff vs. EFX

69. Paragraphs 1 through 68 are incorporated herein by reference as if set forth at length.

70. As averred above, from November 9, 2009 through November 4, 2016, Plaintiff worked for EFX.

71. EFX benefited from Plaintiff's work.

72. As averred above, EFX failed and continue to fail to pay Plaintiff all agreed-upon commissions.

73. By not paying Plaintiff all wages owed when due, EFX has been unjustly enriched.

### **RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

(1) Declaratory Judgment declaring that Defendants' actions, as set forth in this Complaint, are unlawful under the FLSA, PMWA, and WPCL.

(2) Unpaid compensation damages;

(3) Liquidated damages;

(4) Interest;

(5) Litigation costs including attorney's fees and expenses; and

(6) Such other relief as the Court shall deem proper.

## JURY DEMAND

Plaintiff hereby demands a jury to try all claims triable by jury.

Dated: February 23, 2017

Respectfully submitted,

_____
Stephanie J. Mensing
PA ID No. 89625
Mensing Law LLC
The Philadelphia Building
1315 Walnut Street – Suite 917
Philadelphia, PA 19107
(215) 586-3751; (215) 359-2741 fax



October 27, 2009

Ms. Bonnie Dalrymple
123 Federal Walk
Kennett Square, PA 19348

Dear Bonnie:

Please accept our offer of employment as our Vice-President – Business Development, as outlined below:

- $ 5,000 per month in base salary, paid semi-monthly
- Annual membership in US Airways Club paid by EFX
- $ 450 paid per month towards an insurance plan of your choice
- Eligibility for any employee benefits that EFX may add over time, such as a 401K
- A commission plan, paid monthly, outlined as follows:
    - 10% of the ATM transaction revenue billed to your accounts with terms in which we pass through all the interchange and charge them a "per transaction" fee. All transactions that generate revenue will be included in the calculation
    - $ .015 for each ATM transaction your accounts with terms in which we pay them a transaction fee, but the interchange revenue is retained by EFX
    - All commissions are for the life of the contract, including contract renewals
    - Commissions are uncapped
    - All EFX products are eligible for your commission plan
    - Should contract negotiations require price points less than the defined EFX Price Book, EFX management and the Vice President – Business Development will negotiate a commission amount for the specific opportunity
    - After a minimum of one-year of employment, EFX will continue to pay any commissions due for a length of time equal to the duration of your employment with us, at a rate of ½ of the commission rate at the time of your employment termination. These payments will continue for as long as the contracts are renewed and are generating revenue.
    - Should EFX be sold either during your employment, or during the post-employment commission period, EFX will offer the net present value of commissions due as a final payment.

**Exhibit A**

- EFX will provide a lap-top and cell phone and reimburse you for business expenses
- Four weeks of paid vacation
- Start date of 11/09/09

Bonnie, this is a great opportunity and we are excited you've chosen to join our team.

Regards,

Don Gentry
CEO
EFX Corporation